**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3491-24

JERALYN D. PIERRE,

     Plaintiff-Appellant,

v.

ALEX H. PORTER,

     Defendant-Respondent.

_____

          Submitted April 28, 2026 – Decided July 2, 2026

          Before Judges Susswein and Augostini.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FD-12-1241-20.

          Jeralyn D. Pierre, self-represented appellant.

          Respondent has not filed a brief.

PER CURIAM

     In this non-dissolution matter, plaintiff Jeralyn D. Pierre appeals from two

Family Part orders: (1) May 28, 2025, modifying the parties' July 22, 2020

consent order; and (2) July 18, 2025, granting reconsideration in part. Following a summary proceeding, the family court changed the parenting exchange location, allowed defendant to claim the parties' child as a dependent on his income taxes in alternating years, and amended their holiday parenting schedule. The court denied all other relief. On reconsideration, the court modified the location of the parenting exchange and allowed defendant to claim the child as a dependent on his income taxes provided, he was current on his child support at the end of the tax year.

Having reviewed the record and applicable legal principles, we reverse and remand the matter so that the family court can make the required findings of fact and conclusions of law in accordance with Rule 1:7-4.

I.

We glean the factual and procedural history from the record. Plaintiff and defendant have one child born in 2020. In a July 22, 2020 consent order, the parties resolved custody and parenting time issues. The parties agreed to share legal custody, with plaintiff being designated as the parent of primary residence and defendant being the parent of alternate residence. They also agreed that defendant would have parenting time with the child "every other weekend from Friday at 7:00 p.m. through [] Sunday at 7:00 p.m.," and defendant would "pick

up the child at [plaintiff's aunt's] house on Friday and . . . meet at the Cheesequake service area [(k/n/a the Jon Bon Jovi service area)] off the Garden State Parkway on Sunday for drop off." The consent order did not address who would claim the child as a dependent for income tax purposes.

On March 28, 2022, the family court issued an order amending, in part, the consent order to permit defendant to have parenting time "every other weekend from Friday p.m. until Monday a.m.," and directing defendant to pick up the child from day care on Friday afternoons and drop him off at day care on Monday mornings. In 2023, defendant relocated within New Jersey but farther away from where plaintiff resided.

In June 2024, plaintiff filed an order to show cause addressing a variety of parenting challenges between the parties, most of which were denied as non-emergent. However, in its June 28, 2024 order, the family court granted plaintiff's request to move the parenting time exchanges to inside the local police station. It also directed the parties to use the Sayreville police headquarters for their exchanges because the Jon Bon Jovi rest stop was closed.

A-3491-24

In March 2025, defendant filed an FD[1] application seeking to change the parenting exchange location from the police station to the Judy Blume service area off the Garden State Parkway for holiday exchanges or when the child's school was closed. Defendant also sought permission to claim the child as a dependent on his income taxes "every odd year" and to add New Year's Eve "and/or" New Year's Day to the parties' holiday schedule. Plaintiff filed a cross-application, opposing a change in location of parenting exchanges and seeking the following relief: (1) use of Our Family Wizard for all communication between the parties; (2) "withheld parenting time be made up by deducting equal time from the withholding parent's future time;" (3) prohibiting "third-party individuals []from contacting [plaintiff] regarding [child] except in verified emergencies;" and (4) "[t]hat holiday scheduling and make-up time rules be clarified in the order." Plaintiff did not oppose the addition of New Year's Eve and Day to the parties' holiday parenting schedule. She requested, however, that her birthday also be added to the holiday parenting schedule.

---

[1] FD docket refers to a non-dissolution matter which is "presumed to be summary and non-complex." R. 5:5-7(c). However, the court in its discretion may place the case on a complex track. Ibid.; see also J.G. v. J.H., 457 N.J. Super. 365, 370 n.3 (App. Div. 2019).

A-3491-24

On May 28, 2025, the family court conducted a summary hearing on the parties' applications. After hearing from the parties, the court stated:

> What we're going to do is I'm not going to make you wait around for an order. I'm going to take a look — take a look at my notes. I'm going to have an order uploaded that you guys have by the end of the day, by the close of business today, addressing my ruling on the applications that are before me. Okay?

Without a statement of reasons, the court issued the May 28 order directing the parenting "exchanges on holidays and whenever the parties' son's school is closed shall take place in the [p]arking [l]ot for [b]uilding 1 . . . Red Bank" off of the Garden State Parkway; permitting defendant to claim the child as a dependent on his income taxes every other year; and amending the parenting schedule to include New Year's Eve and Day as an additional holiday. "All other relief" was denied.

Plaintiff filed for reconsideration. On July 18, 2025, the family court, "having considered [] [p]laintiff's papers in support of the motion,"[2] granted reconsideration in part, changing the exchange location to the Holmdel State Police barracks. The court further amended the May 28 order, permitting

_____

[2] It appears that the court decided plaintiff's reconsideration application "on the papers" without holding a summary hearing or permitting oral argument. The record does not contain a transcript of a hearing on July 18, 2025.

A-3491-24

defendant "to claim the parties' son as a dependent on his income taxes every other year ONLY if at the end of [the] preceding year . . . [d]efendant is current on his child support obligation AND has no child support arrears."  We denied plaintiff's request to stay the order.

On appeal, plaintiff contends the family court erred in (1) disregarding her comprehensive parenting plan; (2) revising the parenting time exchange location instead of maintaining a neutral exchange site; (3) failing to address allegations of coercive control and emotional harm; (4) denying her "tie-breaking medical authority" request and trauma-informed therapy for the child; (5) allowing defendant to claim the child as a dependent on his income taxes; and (6) reassigning the matter to a different family court judge.  Plaintiff asserts that the modifications to the consent order disproportionately burden her, do not ensure the child's safety and stability, and were made without adequate factual findings and legal conclusions as required by Rule 1:7-4(a) and N.J.S.A. 9:2-4.

II.

"We review the [family court's] findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'"  Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)).  As such, we defer to the

family court's factual findings and decision unless such decision constitutes an abuse of discretion because "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Cesare, 154 N.J. 394 at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974))) (internal quotation marks omitted).

We also review a court's decision on whether to grant or deny a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Ranch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)). "An abuse of discretion arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted)) (internal quotation marks omitted).

"In custody cases, it is well settled that the court's primary consideration is the best interests of the child[]." Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (citing Kinsella v. Kinsella, 150 N.J. 276, 317 (1997)); see also Bisbing v. Bisbing, 230 N.J. 309, 322 (2017) (citations omitted) ("A

custody arrangement adopted by the trial court, whether based on the parties' agreement or imposed by the court, is subject to modification based on a showing of changed circumstances, with the court determining custody in accordance with the best interests standard of N.J.S.A. 9:2-4.") "The court must focus on the 'safety, happiness, physical, mental and moral welfare' of the children." Hand, 391 N.J. Super. at 105 (citations omitted) (quoting Fantony v. Fantony, 21 N.J. 525, 536 (1956)).

In every case, the trial court is required to make specific findings of fact and conclusions of law as required by Rule 1:7-4(a).  See Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006).  A court's "[f]ailure to perform that duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.'"  Curtis v. Finneran, 83 N.J. 563, 570 (1980) (quoting Kenwood Assocs. v. Bd. of Adj. Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)); see also Gnall, 222 N.J. at 428.  Even though the scope of our review is generally limited in family cases, where inadequate findings of fact are made, or where issues are not addressed or the court's reasoning was not explained, we are constrained to remand for further proceedings.  Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015) (citing Ducey v. Ducey, 424 N.J. Super. 68, 74 (App. Div. 2012)).

In the present case, the family court did not make findings of fact and set forth its conclusions of law as required by Rule 1:7-4(a) in support of its May 28 or July 18 orders. Rather, the court simply issued the orders without explaining its reasons for the relief granted or denied.

In considering a request to modify the parties' consent order, the court was required to consider the request to change the location of the parenting exchange location in the context of whether defendant, as the moving party, had demonstrated a substantial change in circumstances affecting the welfare of the child such that the child's best interests would be served by a modification in the current arrangement. See Lepis v. Lepis, 83 N.J. 139, 157-59 (1980). The court, however, did not explain its findings or reasoning for deciding that the child's best interests were served by changing the parenting exchange location.

Nor did the family court provide any rationale for permitting defendant to claim the child as a dependent on his income taxes as stated in the May 28 order, or for its amendment in the July 18 order, requiring defendant to be current on his child support obligation before being permitted to claim the child as a dependent on his income taxes. Although the court reconsidered the prior order in light of plaintiff's contentions, the court provided no findings of fact or legal

conclusions in granting this relief. With respect to plaintiff's remaining relief, the court simply denied all other relief without explanation.

The family court's lack of sufficient findings of fact as to the parties requested relief as required by Rule 1:7-4(a) prevents us from conducting a full review of plaintiff's contentions. Thus, we are constrained to remand the matter for further proceedings. The matter is remanded to the family court to amplify its findings of fact and conclusions of law as to the relief sought by the parties in their respective applications. We offer no opinion on how the parties' applications should be resolved.

Because we remand the matter for further proceedings consistent with this opinion, we need not address plaintiff's remaining contentions with the exception of plaintiff's request that the matter be reassigned to a different judge. We are not persuaded that the court that issued these orders is precluded from rendering a fair and unbiased judgment. R. 1:12-1(g). The record shows that the court maintained an open mind and revised its prior order after plaintiff sought reconsideration. Thus, we decline to direct that a different court address this matter on remand.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10                                                    A-3491-24